UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RANDY SWINSON,<br><br>                              Plaintiff,<br><br>    -against-<br><br>CITY OF NEW YORK; WARDEN SHERAJ; WARDEN DUNBAR; A.D.W. CARTER; HAZEL JENNINGS, CHIEF OF DEPT. OF CORRECTION,<br><br>                              Defendants. | 20-CV-10085 (CM)<br><br>ORDER TO SHOW CAUSE UNDER 28 U.S.C. § 1915(g) |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, currently detained in the George R. Vierno Center (GRVC) on Rikers Island, filed this action *pro se* and seeks *in forma pauperis* ("IFP") status. The Court directs Plaintiff to show cause why the Court should not deny his IFP application under 28 U.S.C. § 1915(g), the Prison Litigation Reform Act's three-strikes provision.

## PRISON LITIGATION REFORM ACT

The Prison Litigation Reform Act (PLRA) added the following three-strikes provision to the IFP statute:

> In no event shall a prisoner bring a civil action…under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

§ 1915(g). The Court finds that Plaintiff has accumulated three strikes under the PLRA, and he is therefore barred under § 1915(g) from filing any actions IFP. *See Swinson v. Warden GMDC-Walsh*, ECF 1:04-CV-7332, 4 (S.D.N.Y. Sept. 14, 2004) (dismissing action pursuant to 28 U.S.C. § 1915(e)(2)); *Swinson v. City of New York*, ECF 1:13-CV-3607, 4 (S.D.N.Y. June 27, 2013)

(dismissing action for failure to state a claim and because Defendants are immune from suit pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii)); *Swinson v. City of New York*, ECF 1:20-CV-2694, 9 (S.D.N.Y. Oct. 22, 2020) (dismissing action for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)). Because Plaintiff is barred under § 1915(g), unless he is "under imminent danger of serious physical injury," Plaintiff must pay the filing fee.

Plaintiff does not allege any facts suggesting that he is in imminent danger of serious physical injury.[1] Instead, Plaintiff alleges that Defendants violated his rights on November 4, 2020. He asserts, *inter alia*, a conditions-of-confinement claim, a claim that he sustained injuries as a result of a slip and fall, a claim that there is no television in his housing unit, and a claim that Defendants retaliated against him for current lawsuits by transferring him to GRVC, where he is currently detained.

## NOTICE AND OPPORTUNITY TO BE HEARD

A *pro se* litigant is generally entitled to notice and an opportunity to be heard before the Court issues a final decision that is unfavorable to the litigant. *See Snider v. Melindez*, 199 F.3d 108, 113 (2d Cir. 1999) (requirement of notice and opportunity to be heard "plays an important role in establishing the fairness and reliability" of the dismissal order, "avoids the risk that the court may overlook valid answers to its perception of defects in the plaintiff's case," and prevents unnecessary appeals and remands). The Court therefore grants Plaintiff leave to submit a declaration showing that, while a prisoner, he has not filed three or more actions that were dismissed as frivolous, malicious, or for failure to state a claim. Plaintiff must submit this declaration within thirty days. If Plaintiff does not make this showing, or if he fails to respond to

---

[1] An imminent danger is not one "that has dissipated by the time a complaint is filed," *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009); rather, it must be one "existing at the time the complaint is filed," *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002).

2

this order, the Court will deny Plaintiff's IFP application, dismiss the action without prejudice, and bar Plaintiff from filing future actions IFP while he is a prisoner.[2]

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Court directs Plaintiff to show cause why the Court should not deny his IFP application under the PLRA's three strikes provision, 28 U.S.C. § 1915(g). Plaintiff must file a declaration within thirty days explaining any reason why he should not be barred under the PLRA. A declaration form is attached to this order for Plaintiff's convenience. If Plaintiff does not show cause, or if he fails to respond to this order, the Court will deny Plaintiff's IFP application, dismiss this action without prejudice, and bar Plaintiff under § 1915(g) from filing future actions IFP while he is a prisoner.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   December 3, 2020
        New York, New York

                                      COLLEEN McMAHON
                                      Chief United States District Judge

---

[2] Plaintiff is not barred from filing a new case by prepaying the filing fee.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

Write the first and last name of each defendant or respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ , declare under penalty of perjury that the following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____        _____

Executed on (date)                          Signature

_____        _____

Name                                        Prison Identification # (if incarcerated)

_____        _____    _____    _____

Address                                     City                 State       Zip Code

_____        _____

Telephone Number (if available)             E-mail Address (if available)